UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 13-22334 |
| RICHARD J. JACKSON, ) | |
| ) | |
| DEBTOR ) | CHAPTER 7 |
| ) | |
| ) | |
| SCOTT D. MATSON, ) | |
| ) | |
| PLAINTIFF ) | ADV. PRO. NO. 14-2010 (ASD) |
| v. ) | |
| ) | RE: ECF NO. 22 |
| RICHARD J. JACKSON, ) | |
| ) | |
| DEFENDANT ) | |
| ) | |

**MEMORANDUM AND ORDER
DENYING MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

In this adversary proceeding the Plaintiff seeks to have declared non-dischargeable a debt allegedly owed to him by the Debtor. The Plaintiff has moved for summary judgment based upon the alleged preclusive effect of a prior ruling of the Superior Court for the State of Connecticut, and on the basis of alleged undisputed facts. For the reasons which follow, the motion for summary judgment will be denied.

**II. JURISDICTION**

The United States District Court for the District of Connecticut has jurisdiction over the instant adversary proceeding by virtue of 28 U.S.C. §1334(b); and this Court derives its authority to hear and determine this proceeding on reference from the District Court pursuant to 28 U.S.C. §157(a), (b)(1) and the District Court's General Order of Reference

dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(I).

## III. PROCEDURAL BACKGROUND

On November 15, 2013, Richard J. Jackson (heretofore and hereinafter, the "Debtor") commenced the captioned bankruptcy case by the filing of a voluntary petition under chapter 7 of the United States Bankruptcy Code. The Debtor received a discharge on February 26, 2014. On February 21, 2014, Scott D. Matson (heretofore and hereinafter, the "Plaintiff") commenced the captioned adversary proceeding (hereinafter, the "Adversary Proceeding") against the Debtor by filing a complaint seeking to have his claim against the Debtor determined nondischargeable under Bankruptcy Code §523(a)(2)(A)[1]

---

[1]Section 523(a)(2)(A), provides, in relevant part:

    (a)    A discharge . . . does not discharge an individual debtor from any debt --
. . .
        (2)    for money . . . , to the extent obtained, by --

           (A)    false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

11 U.S.C. §523(a).

Under well-established §523(a)(2)(A) principles, the Plaintiff must prove each of the following five elements:

    (1)    the debtor made the representations;
    (2)    at the time he knew they were false;
    (3)    he made them with the intention and purpose of deceiving the creditor;
    (4)    the creditor justifiably relied on such representations; and
    (5)    the creditor sustained the alleged loss and damage as the proximate result of the representation having been made.

*See, e.g. Universal Bank, N.A. v. Owen (In re Owen)*, 234 B.R. 857, 860 (Bankr. D. Conn. 1999). "To be actionable, the debtor's conduct must involve moral turpitude or intentional wrong; mere negligence, poor business judgment or fraud implied in law (which may exist without imputation of bad faith or immorality) is insufficient. *Id*.

2

and/or §523(a)(4).[2]

Within the Adversary Proceeding, the Plaintiff, on May 27, 2014, filed a *Motion for Summary Judgment* (hereinafter, the "Motion"), ECF No. 22, together with the *Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment* (hereinafter, the "Memorandum of Law"), ECF No. 26, *Plaintiff's Local Rule 56(a)1 Statement* (hereinafter, the "Rule 56a(1) Statement"), ECF No. 27, and supporting exhibits, ECF No. 24. The Motion prayed for summary judgment under §523(a)(2)(A) and §523(a)((4). Motion, p.2, ¶1. However, the Plaintiffs Memorandum of Law limited the argument for summary judgment to the §523(a)(2)(A) count[3] on the basis of (i) the alleged preclusive effect of a state court judgment under principles of collateral estoppel,[4] and (ii) alleged undisputed facts set forth in the Plaintiff's Rule 56(a)1 Statement and supporting documents.[5]

In response to the Motion, the Debtor, appearing *pro se*, filed on June 16, 2014, the *Defendant's Affidavit*, ECF No. 30, in which he admitted some of the Plaintiff's assertions of fact and denied others.[6] Certain facts alleged by the Plaintiff and disputed by the Debtor

---

[2] Section 523(a)(4), provides, in relevant part:

    (a)    A discharge . . . does not discharge an individual debtor from any debt --
    . . .
    (4)    for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

[3] Section 523(a)(4) is not mentioned or discussed in the Memorandum of Law.

[4] The Plaintiff asserts that "[t]he State Court fraud conviction, if given preclusive effect, would be sufficient to establish nondischargeability under 11 U.S.C.§523(a)(2)(A), and thus would be dispositive of this action." Memorandum of Law, p. 3.

[5] The Plaintiff further asserts that the "exhibits and affidavits submitted [with the Rule 56(a)1 Statement] are sufficient to establish its entitlement to summary judgment as to nondischargeability under 11 U.S.C.§523(a)(2)(A) . . . ". Memorandum of Law, p.3. *See also* pp. 4-5.

[6] For purposes of this matter, the Court treats the *pro se* Debtor's Affidavit, as the responsive statement required by Local Rule 56(a)2.

3

in the Defendant's Affidavit are discussed, *infra*.

## IV. FACTUAL BACKGROUND

The Debtor is the sole member of Jackson Enterprises, LLC , a Connecticut limited liability company doing business as Buck's Corner Spirit Shoppe (hereinafter, the "Spirit Shoppe"). During the times at issue herein, the Debtor worked full-time managing the Spirit Shoppe and derived all or most of his income therefrom.

On or about September 11, 2012, the Plaintiff and the Debtor executed a loan agreement (hereinafter, the "Agreement") whereby the Plaintiff loaned the Spirit Shoppe $10,000.00 to be repaid in installments of $659 per month for seventeen months, with the first such payment due November 15, 2012. The Debtor made the first installment payment under the Agreement, but failed to make the subsequent payments. The Debtor, in late December 2012 or early January 2013, closed the Spirit Shoppe.

On March 18, 2013, the Plaintiff commenced proceedings against the Debtor in Connecticut Superior Court (hereinafter, the "State Court") by filing a four-count complaint, alleging:

    Count I       Fraud;

    Count II      Violation of Conn. Gen. Stat. §52-562;[7]

---

[7]  **§ 52-562. Liability for fraud in contracting debt; concealing property**, provides:

> When any person is guilty of fraud in contracting a debt, or conceals, removes or conveys away any part of his property, with intent to prevent it from being taken by legal process, or refuses to pay any debt admitted by him or established by a valid judgment, while having property, not exempt from execution, sufficient to discharge the debt, concealed or withheld by him so that the property cannot be taken by legal process, or refuses to disclose his rights of action, with intent to prevent the rights of action from being taken by foreign attachment or garnishment, any creditor aggrieved thereby may institute an action against him, setting forth his debt and the fraudulent act or acts particularly in the complaint.

4

    Count III    Breach of Contract; and

    Count IV    Unjust Enrichment.

The Debtor filed a *pro se* appearance and answer in the State Court proceeding but did not otherwise participate. On October 11, 2013, the State Court entered an Order (hereinafter, the 'State Court Order") granting the Plaintiff's Motion for Judgment, which stated only:

> Judgment enters for the plaintiff against the defendant in the amount of $9,340.00 plus costs of $723.86 and attorney's fees of $1,529.32.
> Post judgment interest in accordance with the provisions of C.G.S. §37-3a in the amount of 10% is allowed from 11/15/2013 on any unpaid balance of the judgment.

Plaintiff's Exh. 15.

## V. DISCUSSION

### A. *Summary Judgment Standards*

Fed. R. Civ. P. 56, made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7056, sets forth the requirements for summary judgment.

> Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The moving party bears the initial burden of showing that the undisputed facts entitle it to judgment as a matter of law. Then, if the movant carries this initial burden, the non-moving party must set forth specific facts to show that there are triable issues of fact, and cannot rely on pleadings containing mere allegations or denials.
>
> In determining a summary judgment motion, it is well settled that the court should not weigh the evidence or determine the truth of any matter, and must resolve all ambiguities and draw all reasonable inferences against the moving party. A fact is material if it might affect the outcome of the suit under the governing law. An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.

*In re Motors Liquidation Co.*, 486 B.R. 596, 615 -616 (Bankr. S.D.N.Y. 2013) (internal

quotations, citations, and footnotes omitted).

### B.  *Collateral Estoppel Effect of the State Court Judgement and Order*

The Plaintiff argues that the doctrine of collateral estoppel precludes litigation in this Adversary Proceeding asserting that all facts necessary to a finding of nondischargeability under §523(a)(2)(A) were determined in the State Court judgment, and, therefore, he is entitled to judgment in this proceeding as a matter of law.

It is settled that collateral estoppel, also known as issue preclusion, is applicable in dischargeability proceedings, *Grogan v. Garner,* 498 U.S. 279, 284 (1991), that parties may invoke collateral estoppel to preclude relitigation of the elements necessary to meet a §523(a) exception, *id.* at 285 n. 11, and that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 896 (1984).

> Under Connecticut law:
>
> Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was *actually litigated* and necessarily determined in a prior action between the same parties upon a different claim.  For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action.  It also must have been actually decided and the decision must have been necessary to the judgment.
> An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined.  An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered.  If . . . the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action.

*Jackson v. R.G. Whipple*, 225 Conn. 705, 714-15 (1993) (citations, quotation marks and

emphases omitted).

However the State Court Judgment and related Order do not include any findings of fact or conclusions of law. In addition, only two of the four counts of the State Court complaint alleged that the Debtor acted fraudulently (Counts I & II); the remaining counts sounded in breach of contract and unjust enrichment (Counts III & IV, respectively). Because, *inter alia,* a *finding of fraud* was not essential to the State Court Judgment, and was not necessarily determined or actually decided, the doctrine of collateral estoppel has no preclusive effect as to the elements of the §523(a)(2)(A) in this Adversary Proceeding.[8] Accordingly, summary judgment cannot enter in this adversary proceeding on the basis of collateral estoppel.

## C.    *Genuine Issues of Material Fact Preclude Summary Judgment*

The Court, having concluded that the doctrine of collateral estoppel is not applicable to the present proceeding, now turns to the Plaintiff's alternative basis for summary judgment relief incident to which the Court must determine whether or not there are any genuine issues of material fact for this Court to decide. "In considering a motion for summary judgment, the court does not decide questions of fact, but determines only whether, *after resolving any ambiguities and drawing all reasonable inferences in favor of the nonmovant* [here, the Debtor], a genuine issue exists for trial." *Cadle Co. v. DiFabio (In re DiFabio)*, 314 B.R. 281, 285 (Bankr. D.Conn. 2004) (Emphasis added).

In this regard, the relevant determination is simple as the Debtor disputes several

---

[8]    However, a determination that the Debtor was liable, in his individual capacity, for the debt at issue was*, inter alia, necessarily determined* by the State Court in its entry of the judgment against him personally. Accordingly, the doctrine of collateral estoppel *does* preclude relitigation, in this proceeding, of the Debtor's personal liability for the debt, if the debt is deemed nondischargeable in this Adversary Proceeding.

of the Plaintiff's factual statements critical to summary judgment relief. Disputed facts include, *inter alia,* the following:

> 1. The Debtor denies that he concealed the identity of the business by referring to it by its trade name - for which he had recorded, on December 28, 2007 at Vol. 2518 Pg. 0051, a Certificate of Adoption of Trade Name with the Glastonbury Town Clerk - rather than by the name of the LLC.
>
> 2. The Debtor also disputes the Plaintiff's assertion that the loan parties had agreed that the loan proceeds were to be used solely for the purchase of new inventory.  The Debtor denies that the parties had agreed to any such restriction; he states that the "Plaintiff was aware at the time of the [A]greement that the [Debtor] was unable to secure a business loan elsewhere" and that the Debtor properly used "some of the proceeds to replenish inventory and us[ed] some to pay bills required to stay in business," such as sales taxes, utilities, and rent.  Defendant's Affidavit t¶¶ 7-8.
>
> 3. The parties also disagree as to whether, at the time of the Agreement, the Debtor had the intent to defraud or deceive the Plaintiff - a requisite for relief under subsection (A) of §523(a)(2).  The Plaintiff urges the Court to infer such intent from the business' inability to pay its bills.  The Debtor acknowledges that the business had unpaid bills, but denies any intent to defraud or deceive the Plaintiff.

And, as noted by former United States Bankruptcy Judge Robert L. Krechevsky in *Novak v. Blonder (In re Blonder)*, 246 B.R. 147, 151 (Bankr. D.Conn. 2000):

> Since, for the purpose of the plaintiff's Motion, the debtor's affidavit must be treated as truthful (*e.g.*, that he had no actual intent to defraud), the debtor must be given the opportunity at trial to demonstrate the credibility of his averment, and summary judgment is not appropriate.  The Second Circuit "has consistently held where subjective issues regarding a litigant's state of mind, motive, sincerity or conscience are squarely implicated, summary judgment would appear to be inappropriate and a trial indispensable." *Patrick v. LeFevre*, 745 F.2d 153, 159 (2d Cir. 1984) (citations omitted).

As there are issues of material fact remaining to be determined by this Court in this Adversary Proceeding, summary judgment is not appropriate.

8

**D.      Insolvency and Section 523(a)(2)(A)**

Finally, the Plaintiff makes an interesting, if not curious, argument that the alleged act of the Defendant in "knowingly [concealing] his knowledge of [the Spirit Shoppe's] insolvency from Plaintiff" supports his request for summary relief under §523(a)(2)(A). Aside from the fact that the Debtor has denied acting with any intent to deceive the Plaintiff about his or the Spirit Shoppes' financial condition, deeming that fact disputed,[9] and alone fatal to the Motion, the Court notes that "insolvent" is defined in the Bankruptcy Code as a "*financial condition* such that the sum of such entity's debts is greater than all of such entity's property . . . ." 11 U.S.C. §101(32) (emphasis added).  Therefore the Plaintiff's allegation that the Debtor knowingly failed to disclose the "insolvency" is a representation or omission "respecting the debtor's . . . or an insider's financial condition," a matter specifically excluded from the ambit of §523(a)(2)(A).[10] *Rather, t*he dischargeability of a debt obtained by such a representation or omission is determined instead in accordance with the more rigorous requirements of §523(a)(2)(B) (a statutory basis not cited by the Plaintiff for the relief sought in the Complaint) including the requirements, *inter alia*, of a "statement in writing",[11] reasonable reliance , and "intent to deceive".

Given the interplay of subsection (A) and (B) of §523(a)(2), the only statements

---

[9] The Debtor does not dispute that the business was insolvent, but denies that he made any attempt to conceal its financial problems, having explained to the Plaintiff his inability to obtain conventional financing and his lack of funds to purchase inventory.

[10] By its clear language §523(a)(2)(A) excludes "(2) money . . . to the extent obtained by . . . (A) false pretenses, a false representation, or actual fraud, *other than a statement respecting the debtor's or insiders's financial condition."*  (Emphasis added).

[11]Assuming*, arguendo,* §523(a)(2)(B) to be applicable in this Adversary Proceeding, the Plaintiff has provided no evidence of that sub-sections "written statement" requisite.

regarding *financial condition* which are actionable under §523(a)(2) are statements made in writing. Non-written statements -- such as oral communications, or concealment -- regarding financial condition are simply not within the contemplation of §523(a)(2).

### VI. CONCLUSION AND ORDER

For the reasons noted above, the doctrine of collateral estoppel is unavailable to the Plaintiff, and there are genuine issues of material fact that preclude entry of summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's *Motion for Summary Judgment* is **DENIED**.

Dated: March 5, 2015                                    BY THE COURT

Albert S. Dabrowski
United States Bankruptcy Judge